UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Westphal, | Case No. 24-CV-4075 (PAM/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jared Rardin, | |
| Respondent. | |

This matter is before the Court on Petitioner Adam Westphal's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1 ("Petition")). For the following reasons, the Court recommends denying the Petition and dismissing this action.

In May 2019, Westphal pleaded guilty to conspiring to distribute a controlled substance and possessing unregistered firearms or destructive devices. (*See* Superseding Indictment 1-2, 4, *United States v. Westphal*, No. 18-CR-30099 (RAL) (D.S.D. May 8, 2019); Plea Agreement 2-3, *United States v. Westphal*, No. 18-CR-30099 (RAL) (D.S.D. May 9, 2019).[1]) U.S. District Judge Roberto A. Lange later sentenced Westphal to 126 months' imprisonment. (*See* J. in a Criminal Case 2, *United States v. Westphal*, No. 18-

---

[1] Westphal's prosecution records do not appear in this action's docket, but the Court may take judicial notice of public court records. *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Smith v. Gordon*, No. 24-CV-2714 (JMB/SGE), 2024 WL 4444731, at *1 n.1 (D. Minn. Oct. 8, 2024) (citing cases), *R. & R. adopted*, 2024 WL 4870383 (D. Minn. Nov. 22, 2024).

CR-30099 (RAL) (D.S.D. July 31, 2019).)  Westphal is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").  (*See* Dkt. 1.)

The Petition is somewhat hard to follow.  The Court understands that in April 2024, an FMC-Rochester "Unit Team" reviewed Westphal's case and recommended to the BOP's Residential Reentry Management ("RRM") system that Westphal receive "up to" 180 days of "Second Chance Act" time in a residential reentry center ("RRC").  (*Id.* at 6; *see also* Dkt. 1-1 at 2.)  The Unit Team suggested that these 180 days be added to Westphal's 430 "Federal Time Credits" under the First Step Act.  (*See* Dkt. 1-1 at 2.)  Based on these calculations, the Unit Team recommended that Westphal's RRC-placement date be August 29, 2024.  (*See id.*)  Documents submitted by Westphal suggest that the RRM nevertheless set his initial RRC placement date as March 19, 2025.  (*See id.* at 3.[2])  Westphal argues that this reflects the RRM applying only his First Step Act credits without granting him any benefits under the Second Chance Act.  (*See* Dkt. 1 at 6.)  Claiming that this is inappropriate, Westphal asks the Court for immediate placement in an RRC.  (*See id.* at 6-8.)

Westphal's argument is not cognizable in habeas.  He brings the Petition under 28 U.S.C. § 2241.  (*See id.* at 1.)  Under that statute, as relevant here, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."  28 U.S.C. § 2241(c)(3).

---

[2]    During an administrative-remedies process, the RRM appears to have moved Westphal's RRC placement date to January 8, 2025.  (*See* Dkt. 1-1 at 9; *cf.* Dkt. 1 at 7 (referring to January date).)

Because this provision centers on "custody," the U.S. Court of Appeals for the Eighth Circuit has held that if a prisoner "'is not challenging the validity of his conviction or length of his detention . . . , then a writ of habeas corpus is not the proper remedy.'" *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014) (quoting *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

To be sure, Westphal seeks relief that would shorten his time in prison—he wants to leave FMC-Rochester earlier—which might seem like a challenge to the length of his detention. But for § 2241 purposes, transferring a prisoner from a prison to an RRC does not remove the prisoner from custody; it merely changes the place of confinement. As a result, a petition seeking transfer from prison to an RRC does not challenge the legality of a petitioner's detention and is not cognizable in habeas. *See, e.g.*, *Allard v. Fed. Bureau of Prisons*, No. 23-CV-3724 (JMB/ECW), 2024 WL 714231, at *3-4 (D. Minn. Jan. 30, 2024) (citing cases), *R. & R. adopted*, 2024 WL 713960 (D. Minn. Feb. 21, 2024); *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1-2 (D. Minn. Aug. 5, 2022) (same).

Westphal's claim is essentially a conditions-of-confinement issue. When a *pro se* petitioner improperly raises such a claim in a habeas petition, the district court may dismiss the action without prejudice or seek the petitioner's consent to recharacterize it as standard civil litigation. *See Spencer*, 774 F.3d at 471; *Fortner v. Eischen*, No. 24-CV-

3

1496 (JRT/LIB), 2024 WL 4903678, at *2 (D. Minn. Nov. 27, 2024) (citing *Spencer*). In deciding, the court should "consider the potential detriment" of converting the petition into a civil action. *See Spencer*, 774 F.3d at 471; *Sichting v. Rardin*, No. 24-CV-3163 (SRN/DTF), 2024 WL 4785007, at *2 (D. Minn. Nov. 14, 2024) (quoting *Spencer*).

In these circumstances, the Court concludes that converting this action into a standard civil case would be to Westphal's detriment. Beyond imposing the $350 statutory filing fee for civil actions—a potentially significant expense—the Court doubts that Westphal can state a claim for which relief can be granted. As a threshold point, for instance, prisoners have no constitutional right to RRC placement. *See, e.g.*, *Hernandez v. Eischen*, No. 24-CV-0027 (KMM/DLM), 2024 WL 4839827, at *5 (D. Minn. Oct. 28, 2024) (collecting cases) (citing cases), *R. & R. adopted*, 2024 WL 4839158 (D. Minn. Nov. 20, 2024); *Winters v. Marques*, No. 18-CV-1019 (WMW/HB), 2018 WL 4473543, at *5 (D. Minn. May 25, 2018) (same), *R. & R. adopted*, 2018 WL 3831348 (D. Minn. Aug. 13, 2018). Indeed, courts have "ruled repeatedly and consistently that a prisoner has no legal right or entitlement to any period of RRC placement." *McCarthy v. Fed. Bureau of Prisons*, No. CIV. 10-745 PJS SRN, 2010 WL 4320507, at *2 (D. Minn. Sept. 29, 2010) (collecting cases), *R. & R. adopted*, 2010 WL 4312851 (D. Minn. Oct. 22, 2010).

Certain documents filed by Westphal suggest that he thinks he has a statutory right to RRC placement. (*See* Dkt. 1-1 at 4.) His argument appears to involve 18 U.S.C. § 3624(c)(1), under which the BOP's director "**shall**, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that

4

term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1) (emphasis added). But nothing in the Petition indicates a violation of § 3624(c)(1)'s terms—indeed, Westphal is clearly being allowed to spend "a portion of the final months of [his] term" in an RRC.[3]

The Court concludes that converting this action into standard civil litigation would be inappropriate. Accordingly, the Court recommends denying the Petition and dismissing this action without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Adam Westphal's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) be **DENIED** for lack of subject-matter jurisdiction.

2. This action be **DISMISSED WITHOUT PREJUDICE**.

---

[3] If Westphal intends to argue that the BOP is improperly exercising its discretion in setting an RRC placement date that he disagrees with, that claim also faces a well-established barrier: federal courts generally lack jurisdiction to review BOP decisions regarding the place of a prisoner's confinement. *See, e.g.*, *Wilson v. Rardin*, No. 23-CV-1653 (PAM/ECW), 2024 WL 2222488, at *4 (D. Minn. Apr. 15, 2024) (discussing 18 U.S.C. §§ 3621, 3624, and 3625, and concluding that they "preclude the Court's review of the BOP's decision against transferring [petitioner] to home confinement under § 3624(c)"), *R. & R. adopted*, 2024 WL 2220748 (D. Minn. May 15, 2024); *Khdeer v. Paul*, No. 18-CV-2112 (ECT/BRT), 2018 WL 6919637, at *4 (D. Minn. Nov. 29, 2018) (applying same principle to RRC-placement decisions), *R. & R. adopted*, 2019 WL 79318 (D. Minn. Jan. 2, 2019).

Dated: December 10, 2024                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).